UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIE THERESE GLADUE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:13-CV-186 (CEJ) |
| SAINT FRANCIS MEDICAL CENTER, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss certain claims in plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

On December 20, 2013, plaintiff filed her original *pro se* complaint against her former employer, defendant Saint Francis Medical Center, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. She alleges that defendant terminated her employment due to her religion, gender, and age. On May 21, 2014, plaintiff filed an amended *pro se* complaint, naming as defendants the president and CEO of Saint Francis, Steven C. Bjelich, and executives Jeanette Fadler, Marilyn Curtis, and Teri Kreitzer. She also asserted new claims of wrongful discharge, defamation, tortious interference, and discrimination under 42 U.S.C. § 1981. Defendants move to dismiss the new claims and the claims of discrimination asserted against the individual defendants in the amended complaint.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

**III.   Discussion**

**A.   Title VII and ADEA Claims Against Individual Defendants**

It is not clear whether plaintiff seeks to assert claims of discrimination under Title VII and the ADEA against the individual defendants added in her amended complaint. However, "[i]t is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA." Ebersole v. Novo Nordisk, Inc., No. 1:11-CV-25 (SNLJ), 2011 WL 6115655,

at *1 (E.D. Mo. Dec. 8, 2011) (citations omitted). Accordingly, to the extent plaintiff seeks to assert such claims, they are dismissed.

### B. Claims of Discrimination Under 42 U.S.C. § 1981

Section 1981 applies only to claims of race-based discrimination. See Hartman v. Smith & Davis Mfg. Co., 904 F.Supp. 983, 986 n. 3 (E.D. Mo. 1995) ("Section 1981 is limited to claims of race discrimination and does not encompass claims of sex discrimination."). Plaintiff does not allege that she was discriminated against on the basis of her race, and so she cannot assert a claim against any defendant under § 1981.

### C. Wrongful Discharge

Plaintiff argues that she can maintain an action for wrongful discharge under Missouri common law because her employment was terminated for discriminatory reasons. Under Missouri law, "at-will" employees can be terminated at any time with or without cause. Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 870-71 (Mo. Ct. App. 1985). However, under the public policy exception to the at-will employment rule "often called the wrongful discharge doctrine... [a]n at-will employee may not be terminated for refusing to perform an illegal act or reporting wrongdoing or violations of law to superiors or third parties." Noel v. AT&T Corp., 936 F.Supp.2d 1084, 1088 (E.D. Mo. 2013) (citing Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010) (*en banc*)). Plaintiff has not alleged that she was terminated for refusing to perform an illegal act or an act contrary to public policy. She fails to state a *prima facie* case of wrongful discharge, and this claim will be dismissed.

### D. Defamation

"In Missouri, the elements of a defamation claim are: (1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation." Sterling v. Rust Commc'ns, 113 S.W.3d 279, 281 (Mo. Ct. App. 2003) (citing Nazeri v. Missouri Valley Coll., 860 S.W.2d 303 (Mo. banc 1993)). In her amended complaint, plaintiff does not identify the defamatory statement or the instance of publication on which she bases her claim of defamation. However, in her response to defendants' motion to dismiss, plaintiff identifies two "defamatory" statements—the first, in the service letter she received pursuant to Mo. Rev. Stat. § 290.140, and the second, in filings submitted to the Equal Employment Opportunity Commission (EEOC) by defendants in response to plaintiff's administrative charge of discrimination.

Neither of the statements identified by plaintiff is actionable. First, plaintiff does not claim the letter of dismissal was published to a third party. Even if the contents of the letter were communicated within Saint Francis, "intra-corporate communications made in the regular course of business do not constitute publications, because the communications are made within the corporation itself and not to a third party." See Gray v. AT&T Corp., 357 F.3d 763, 766 (8th Cir. 2004) (citation omitted). Second, any statement made to the EEOC during the investigation of plaintiff's charge of discrimination is privileged. See Rockwood Bank v. Gaia, 170 F.3d 833, 838 (8th Cir.1999) (explaining that, under Missouri law, statements made during quasi-judicial proceedings, including some administrative proceedings, are absolutely privileged if relevant to the issues before the quasi-judicial body); Payne v. Peter Kiewit Sons', Inc., No. 8:06-CV-686, 2007 WL 1319535, at *2 (D. Neb. Apr. 3, 2007) (collecting cases stating that proceedings before the EEOC are quasi-judicial and warrant application of

the privilege). Finally, plaintiff alleges that she was referred to "as a 'bitch' and 'the devil'... to others inside and outside of the organization" [Amended Complaint, Doc. #24, p. 12], but she does not attribute these statements to any of the defendants. Further, such remarks are deemed expressions of opinion and thus are not actionable. See Henry v. Halliburton, 690 S.W.2d 775, 789-90 (Mo. 1985) (*en banc*); see also Grillo v. John Alden Life Ins. Co., 939 F.Supp. 685, 688 (D. Minn. 1996).

### E. Tortious Interference

Plaintiff claims that defendant Teri Kreitzer, the Director of Human Resources at Saint Francis Medical Center, interfered with plaintiff's employment contract in a variety of ways. Under Missouri law, "[a] claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages." Eggleston v. Phillips, 838 S.W.2d 80, 82 (Mo. Ct. App. 1992) (citing Cmty. Title Co. v. Roosevelt Fed. Sav. and Loan Ass'n, 796 S.W.2d 369 (Mo. 1990) (*en banc*)). As an at-will employee, plaintiff did not have a valid business expectancy of employment for any duration. See Fields v. R.S.C.D.B., Inc., 865 S.W.2d 877, 879 (Mo. Ct. App. 1993) ("Without a contract specifying the term of employment, the employment is deemed at will and hence there is no valid expectation of employment for any duration."). Furthermore, "a claim for tortious interference with contractual relations contemplates interference from a third party, not from a party to the contract itself." Id. (citation omitted). The actions attributed to defendant Kreitzer were done in her capacity as an officer or agent of Saint Francis, and she cannot be considered a third party to the contract.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #30] is **granted**.

**IT IS FURTHER ORDERED** that all claims against defendants Steven C. Bjelich, Jeanette Fadler, Marilyn Curtis, and Teri Kreitzer are **dismissed**.

**IT IS FURTHER ORDERED** that plaintiff's claims of discrimination under 42 U.S.C. § 1981, wrongful discharge, defamation, and tortious interference against defendant Saint Francis Medical Center are **dismissed**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2014.