UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIE THERESE GLADUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-00186-CEJ |
| ) | |
| SAINT FRANCIS MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel the deposition of defendant's chief executive officer, Steven C. Bjelich. Also before the court is the defendant's motion to quash plaintiff's notice of deposition.

In this action, plaintiff claims that the defendant terminated her employment because of her age, religion, and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* Plaintiff initially asserted these and other claims against Mr. Bjelich, however, those claims were dismissed and Mr. Bjelich is no longer a party to this action. Plaintiff now seeks to take his deposition.

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides that the "frequency or extent of discovery" may be limited when

> the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . [or where] the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Furthermore, Fed. R. Civ. P. 45(d)(3)(A)(iv) requires that the Court "must quash or modify a subpoena that . . . subjects a person to undue burden."

Under the apex standard, "[t]o obtain a deposition from a high-level corporate official, parties must demonstrate (1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *7 (W.D. Mo. Mar. 28, 2011); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922 (8th Cir. 1999) (holding that a district court did not abuse its discretion in quashing a subpoena to depose a CEO where the deposition would have been irrelevant and harmful); *Bank of the Ozarks v. Capital Mortgage Corp.*, No. 4:12-MC-00021 KGB, 2012 WL 2930479, at *1 (E.D. Ark. July 18, 2012) (applying the apex deposition doctrine to quash a deposition subpoena). The defendant argues that the circumstances presented in this case do not meet the apex standard.

The court has reviewed the amended complaint and finds no allegations that Mr. Bjelich participated in the decision to terminate her employment. Plaintiff states that she met in private with Mr. Bjelich on one occasion shortly after she began working for defendant, and that he described the position to her and his expectations. The discussion during that meeting is irrelevant to the issue of whether plaintiff's discharge some eighteen months later was unlawful. Further, plaintiff has made no allegation that Mr. Bjelich had advance knowledge of the decision to terminate plaintiff's employment or that he had any reason to believe that the decision was based on plaintiff's age, gender, or religion. Thus, plaintiff

2

has not demonstrated that Mr. Bjelich has "unique or special knowledge of the facts at issue."

With respect to the second prong of the apex standard, plaintiff has failed to demonstrate that she has exhausted other less-burdensome avenues for obtaining the information she seeks. She has not deposed members of defendant's leadership team who are likely to have all of the relevant information about defendant's grievance procedures and the decision to terminate her. *See Ingersoll*, 2011 WL 1131129, at *7. Nor has she deposed or sought to depose defendant's corporate representative, who could also opine on defendant's decision-making procedures. *See* Fed. R. Civ. P. 30(b)(6).

After careful review of the reasons set forth in plaintiff's motion to compel and in her response to the motion to quash, the court concludes that plaintiff should not be permitted to take Mr. Bjelich's deposition.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash [Doc. #68] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [Doc. #67] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to submit a sur-reply [Doc. #71] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2014.