UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIE THERESE GLADUE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-CV-186-CEJ ) |
| SAINT FRANCIS MEDICAL CENTER, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for evidentiary and monetary sanctions due to spoliation of evidence. Defendant has responded, and the issues are fully briefed. In this motion, plaintiff asserts that the defendant failed to produce or delayed producing e-mails that were sent to and from her office e-mail address during her employment by defendant.

**I. Background**

Plaintiff's employment was terminated in December 2011. Pursuant to defendant's routine audit procedure, plaintiff's e-mail account was purged in March 2012. At that time, plaintiff had not filed a lawsuit against defendant and had not filed a charge of discrimination with the Equal Employment Opportunity Commission. Indeed, it was not until June 2012 that plaintiff's then-attorney contacted defendant and proposed a settlement of plaintiff's employment discrimination claims.

On June 16, 2014, after this lawsuit was filed, plaintiff submitted a request for production of all of her work e-mails and her calendar. Because plaintiff's account had been purged, defendant undertook efforts to retrieve the e-mails.

Thus, defendant's information technology officer conducted a search for all e-mails sent to or received from plaintiff in the accounts of every employee identified in the parties' Fed. R. Civ. P. 26 disclosures. This search initially yielded 7,309 pages of e-mails and related documents sent to or received from plaintiff by the disclosed employees. All of these documents were produced on August 14, 2014. Further search by defendant revealed an additional 17,320 pages of e-mails and related documents which defendant produced on October 27, 2014. Defendant acknowledges that the process it employed to retrieve the purged e-mails is not guaranteed to unearth every lost item.

## II. Discussion

Plaintiff asserts that defendant's delay producing the e-mails and its inability to produce all of them warrants evidentiary and monetary sanctions.[1] "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system." Fed. R. Civ. P. 37(e); *see Am. Builders & Contractors Supply Co. v. Roofers Mart, Inc.*, No. 1:11-CV-19-CEJ, 2012 WL 2992627 (E.D. Mo. July 20, 2012) (discussing the requirement to find both prejudice to the moving party and bad faith by the non-moving party before sanctions are permitted).

A litigation hold was not required at the time plaintiff's e-mails were deleted. Defendant has shown that plaintiff's e-mails were deleted as part of a routine maintenance procedure, rather than in bad faith. Moreover, defendant has

---

[1] Plaintiff also asserts claims irrelevant to the dispute regarding electronically stored information. For example, she contends that defendant did not participate in mediation in good faith and that defendant's interview of a non-party witness was improper. Plaintiff was not granted leave to raise issues unrelated to the e-mails, so the Court will not address those allegations.

2

diligently attempted to recover the missing documents.  Defendant's efforts yielded 17,320 documents, all of which plaintiff had access to since October 27, 2014, nearly three months before the close of discovery and almost four months before the deadline for filing dispositive motions.  Thus, as to the timing of the productions, no exceptional circumstances justify sanctions.

Moreover, plaintiff has failed to show that any of the unrecovered e-mails are relevant to her claims.  For example, plaintiff asserts that defendant did not produce e-mails sent to or from Brad Davis at the time when "[his] employment was in question along with his reluctance to take direction from his female supervisor."  [Doc. #95-1, at 3]   She also alleges that "an abundance of e-mails" sent to or from several members of defendant's executive team are missing.  *Id.*  Plaintiff does not describe the information that was contained in any of these e-mails nor does she explain the relevance of the information.

Finally, plaintiff is incorrect in her contention that defendant is at an advantage because it can use the undisclosed e-mails in this litigation.  Absent substantial justification or harmlessness, Fed. R. Civ. P. 37(c)(1) forbids defendant from using any document that has not been produced to plaintiff at summary judgment or trial.  Thus, plaintiff is not prejudiced and no exceptional circumstances exist to justify sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for evidentiary and monetary sanctions due to spoliation [Doc. #95] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2015.